AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

1/30/23

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. |
| TRAVELL LYLES | ) |
| | ) 3:23-mj-38 |
| | ) |
| _Defendant(s)_ | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 26, 2023_____ in the county of _____Montgomery_____ in the
_____Southern_____ District of _____Ohio_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm |
| 18 U.S.C. §§ 922(g)(9) and 924(a)(2) | Domestic Violence Misdemeanant in Possession of a Firearm |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Sarah Deamron, FBI Special Agent
_Printed name and title_

Sworn to before me and signed in my presence via telephone.

Date: ___1/30/23___

_____

City and state: _____Dayton, Ohio_____

Peter B. Silvain, Jr.
United States Magistrate Judge

**SUPPORTING AFFIDAVIT**

Your Affiant, Sarah Deamron, being duly sworn, does hereby depose and state as follows:

**INTRODUCTION**

1.       I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been so employed since June of 2015. I am currently assigned to the Cincinnati Division, Dayton Resident Agency. As such, I am charged with investigating crimes against the United States of America, including but not limited to violations of Title 18 and Title 21 of the United States Code. I have received training in drug trafficking investigations and participated in narcotics and firearms-related investigations that involved surveillance, the execution of search warrants, gathering evidence of money laundering, and interviewing suspected drug traffickers. I am aware of federal firearm laws and know that possessing a firearm by a convicted felon is a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possessing a firearm after a domestic violence conviction is a violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).

**PURPOSE OF AFFIDAVIT**

2.       This affidavit is submitted in support of a criminal complaint, which seeks the issuance of a federal arrest warrant against TRAVELL LYLES (hereinafter referred to as "LYLES") for Being a Felon in Possession of a Firearm, and for Being a Domestic Violence Misdemeanant in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2).

3.       The information contained in this Affidavit is largely based upon an investigation conducted by me and other law enforcement officers. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe that on or about January 26, 2023, in the Southern District of Ohio, LYLES committed violations 18

U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2), those being Felon in Possession of a Firearm and for Being a Domestic Violence Misdemeanant in Possession of a Firearm.

## **SUMMARY OF PROBABLE CAUSE**

4.     On January 26, 2023, at approximately 7:18 p.m., Dayton Police Department Officers Taylor Neff and Elyzabeth McDonald were dispatched to a call of domestic violence at 3908 Nicholas Road, Dayton, Ohio, which lies within the Southern District of Ohio. The complainant called 911 reporting her husband, LYLES, was sitting in the driveway of her home in a red Ford Taurus, refusing to leave and threatening to shoot her.

5.     Officers arrived at 3908 Nicholas Road and found a black male, identified as LYLES, in a red Ford Taurus in the driveway of the residence. The vehicle was running and an open container was in the cup holder. Officer McDonald asked LYLES to exit his vehicle approximately 8 times. LYLES refused to exit the vehicle and told the officers "I ain't done nothing to nobody, I'm sitting here smoking my blunt." During LYLES and Officer McDonalds exchange, Officer Neff observed, in plain view, a small silver firearm between the front passenger seat and the center console. The weapon was later identified as a Phoenix Arms HP22 semi-automatic firearm, serial number 4060682. Officer McDonald reached through the open driver side window to unlock and open the door. Officer McDonald again asked LYLES to exit the vehicle. LYLES refused and began making efforts to pull himself away from Officer McDonald. Officer McDonald attempted to physically remove LYLES from the vehicle. LYLES, holding a "blunt" in his right hand, reached over to the passenger seat and moved an empty box in an apparent attempt to obstruct the view of the firearm.

6.     Officer McDonald pulled LYLES from the vehicle and detained him. After speaking with the complainant[1], she indicated that she and LYLES were going through a divorce and LYLES keeps stalking her. The complainant said LYLES does this all the time where he pulls up to the house and threatens her. The complainant told police that LYLES told her, "I'm going to traumatize you, keep threatening to kill you, keep pulling up to your home."

7.     The complainant was emotional and very upset. She told officers that the red Ford Taurus is in her name, but she wants it towed and does not want anything to do with it. The complainant feared that if Dayton Police Department left the red Ford Taurus in her driveway, LYLES would come back to her house and get it.

8.     In a subsequent search of the vehicle, a second loaded firearm was discovered in the driver's side door. The firearm was identified as a Keltec, semi-automatic firearm, serial number 9358.

5.     I have conducted a background check on LYLES and discovered that he is prohibited under federal law from possessing firearms for two reasons. First, he has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year. On or about June 10, 2010, in the Court of Common Pleas, Montgomery County, Ohio, Case No. 2009-CR-3795, LYLES was convicted of Possession of Crack Cocaine. This controlled substance offense is a crime punishable by imprisonment for a term exceeding one year.

6.     Second, on or about August 26, 2009, in the Dayton, Ohio Municipal Court, Case No. 2009-CRB-009308, LYLES was convicted of a misdemeanor crime of domestic violence. The following is the definition of "misdemeanor crime of domestic violence":

---

[1] As of January 30, 2022, the complainant does not wish to pursue domestic violence charges against LYLES.

a.       "***[M]isdemeanor crime of domestic violence" means an offense that— (i) is a misdemeanor under Federal, State, Tribal, or local law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, by a person similarly situated to a spouse, parent, or guardian of the victim, or by a person who has a current or recent former dating relationship with the victim. (B) (i) A person shall not be considered to have been convicted of such an offense for purposes of this chapter, unless— (I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and (II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either (aa) the case was tried by a jury, or (bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise. (ii) A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(33).

7.       Ohio Revised Code 2919.25(A) reads as follows, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Ohio Revised Code 2919.25(A) is a misdemeanor of the first degree. *See* Ohio Revised Code 2919.25(D)(2). As such, this "is a misdemeanor under *** State *** law." 18 U.S.C. § 921(a)(33). And, it "has, as an element, the use or attempted use of physical force, *** by a person who is cohabiting with or has cohabited with the victim as a spouse *** or by a person similarly situated to a spouse *** of the victim."

8.       In this case, Dayton Municipal Court Case No. 2009-CRB-009308, the victim in LYLES' previous case was a fiancée and LYLES was represented by counsel and he was entitled to a jury trial. As such, the prior offense qualifies under federal law as a "misdemeanor crime of domestic violence." LYLES is prohibited from possessing a firearm because of his misdemeanor crime of domestic violence. *See* 18 U.S.C. § 922 (g)(9).

9.    On January 27, 2023, I consulted with Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Christopher Reed regarding the Keltec, semi-automatic firearm, serial number 9358, and the Phoenix Arms HP22 semi-automatic firearm, serial number 4060682, that were possessed by LYLES. Special Agent Reed advised the firearms were manufactured outside the State of Ohio and thus moved in interstate commerce to reach this state.

## **CONCLUSION**

10.    Based on the facts set forth in the Affidavit, there is probable cause to believe that on January 26, 2023, in the Southern District of Ohio, LYLES knowingly possessed, in and affecting interstate commerce, the Keltec, semi-automatic firearm, serial number 9358, and the Phoenix Arms HP22 semi-automatic firearm, serial number 4060682, after knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year and knowing he had previously been convicted in any court of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9) and 924(a)(2).

Sarah Deamron
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this ___30th___ day of January, 2023.

Peter B. Silvain, Jr.
United States Magistrate Judge